IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICHARD G. ALLEN, #B-02617,**       )
                                      )
            **Plaintiff,**        )
                                      )
**vs.**                               )  **CIVIL NO. 10-878-GPM**
                                      )
**JAMES GOMRIC,** *et al.***,**       )
                                      )
            **Defendants.**       )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      Plaintiff, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims asserted in the complaint must be dismissed at this point in the litigation.

## FACTS ALLEGED IN COMPLAINT

Plaintiff was charged in a criminal case, and Defendant James Gomric, an attorney, represented Plaintiff's co-defendant, Nicholas Bridell. Plaintiff claims that Defendant Gomric bullied and intimidated Bridell to dissuade him from testifying on Plaintiff's behalf. Plaintiff also names Defendant Gomric's law firm as a defendant.

## DISCUSSION

A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). To utilize § 1983, a plaintiff must allege a violation of a constitutional right that was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988). A private action is not converted into one under color of state law merely by some tenuous connection to a state action; the issue is not whether the state was involved in some way in the relevant events but, rather, whether the action taken can be fairly attributed to the state itself. *Pennsylvania v. Board of Directors of City Trusts of Philidelphia*, 352 U.S. 230, 231 (1957); *West v. Atkins*, 487 U.S. 42, 56 (1988); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982); *Evans v. Newton*, 382 U.S. 296, 299 (1966).

Defendants Gomric and his law firm are not state actors. Plaintiff states in his complaint that Defendants are private entities. There is no indication that the Defendant Gomric's actions in representing his client were done for the benefit of the state such that the actions constitute state action. Because Defendants are private actors and because their actions cannot be attributed to the

state, Plaintiff cannot state a claim against these Defendants under § 1983.

One final matter requires attention. Plaintiff stated in his complaint that he has not brought any other § 1983 lawsuits and certified that the information in his complaint is correct. In actuality, Plaintiff filed another action in this Court before filing the instant case. *Allen v. City of O'Fallon*, No. 3:10-cv-588-MJR (S.D. Ill. Aug. 5, 2010). The Court relies on a party's litigation history to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), so litigants must provide reliable information about prior litigation. Plaintiff is **ADVISED** for future proceedings in this Court that where a party fails to provide accurate litigation history, the Court may dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, Nos. 10-1619, 10-1627, 10-1629, 10-1640, 10-1643, 2011 WL 167032, at *1-2, (7th Cir. Jan. 20, 2011) (dismissal appropriate where Court-issued complaint form clearly warned plaintiff that failure to provide litigation history would result in dismissal).

## DISPOSITION

For the foregoing reasons, this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 04/14/11

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge